**UNITED STATES of America, Appellee,**

v.

**Phelix ROBERTS, Appellant.**

**No. 87–2090.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided June 8, 1988.

Rehearing Denied July 14, 1988.

of his amended motion for a judgment of acquittal or a new trial based on the government's failure to turn over evidence favorable to his defense as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C. § 3500. As the government concedes the evidence was within the scope of *Brady* and the Jencks Act and should have been turned over to Roberts, the only issue before us is whether Roberts was so prejudiced by the lack of this material that a new trial is required. We find that he was not significantly prejudiced and therefore affirm.

Johnny Lee Johnson, an accomplice of Roberts's who had been convicted for his role in the post office robbery after a jury trial in September of 1986, testified against Roberts. Prior to his own trial, Johnson had denied any involvement with the robbery in two interviews with a postal inspector. The postal inspector made written reports of both interviews. Neither these reports containing Johnson's false exculpatory statements nor the statements themselves, which were never transcribed, were made available to Roberts despite a timely discovery request. Roberts claims that if he had had the reports, he could have used them to impeach Johnson and thereby cross-examine him more effectively.

H. Vann Smith, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

On May 11, 1987, a jury convicted Phelix Roberts of aiding and abetting the robbery of a United States post office, endangering the life of a United States postal worker, and conspiring to rob a post office, in violation of 18 U.S.C. §§ 2114, 2, and 371 (1987). Roberts appeals the district court's [1] denial

■ Under *Brady,* the suppression of evidence favorable to the defendant is grounds for reversal only if the evidence is material to guilt or punishment. *Brady,* 373 U.S. at 87, 83 S.Ct. at 1196. Although impeachment evidence "falls within the scope of the *Brady* rule," *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985), "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682, 105 S.Ct. at 3384. We find that there is no reasonable probability that the disclosure of the postal inspector's reports would

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-  sas.

have affected the outcome of Roberts's trial.

The district court found that "the defense conducted a vigorous and thorough cross-examination of Johnson" and that the availability of the postal inspector's reports would not have "materially added" to the examination's effectiveness. Having read the postal inspector's reports and considered them in the context of the trial, we agree. Johnson was examined both on his past criminal record and the inconsistencies between his testimony and the testimony of other witnesses. Johnson also testified that he had been convicted for his involvement in the robbery after a trial, which necessarily implies that he at one time denied his participation. The transcript of Johnson's trial, including the postal inspector's testimony that Johnson initially professed innocence, was available prior to Roberts's trial. In short, revealing Johnson's earlier denials to the jury could not have further undermined Johnson's credibility to such an extent that the outcome of the trial might have been altered. *See United States v. Peltier*, 800 F.2d 772, 777 (8th Cir.1986), *cert. denied*, — U.S. —, 108 S.Ct. 84, 98 L.Ed.2d 46 (1987).

Our analysis of the Jencks Act violation leads to a similar conclusion. In the absence of evidence of either bad faith on the part of the government or prejudice to the defendant, a failure to disclose Jencks Act material ordinarily will not result in a reversal. *See United States v. Moeckly*, 769 F.2d 453, 464 (8th Cir.1985), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986); *see also United States v. Echeverry*, 759 F.2d 1451, 1456 (9th Cir. 1985). There is no evidence in the record that the government's noncompliance was the result of bad faith or that Roberts suffered significant prejudice.

■ Roberts also contends that there was insufficient evidence to support the jury's verdict. In reviewing a jury verdict for the sufficiency of the evidence, we must view the evidence most favorably to the government, giving the government the benefit of all reasonable inferences logically drawn from that evidence. *United States v. Maull*, 806 F.2d 1340, 1342 (8th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987); *United States v. Long Elk*, 805 F.2d 826, 829 (8th Cir.1986). A jury verdict will be reversed on appeal only if a reasonable jury "*must* have entertained a reasonable doubt" as to the defendant's guilt. *United States v. Noibi*, 780 F.2d 1419, 1421 (8th Cir.1986) (emphasis retained). The government's two principal witnesses, Johnson and one Ralph Guyton, both of whom actually entered the post office and robbed it, testified that Roberts had participated in the planning of the robbery, provided handguns, served as a lookout, and assisted in the getaway. In addition, one Dwayne Brown testified that Roberts had admitted driving a getaway car. We conclude that this evidence is sufficient to support the jury's verdict. *See United States v. Wells*, 721 F.2d 1160, 1161 (8th Cir.1983).

■ Finally, in an amended brief, Roberts argues that the district court committed reversible error in giving only a general witness instruction rather than an accomplice testimony instruction. However, Roberts did not offer an accomplice testimony instruction at trial, and such an instruction is required only when the accomplice testimony is uncorroborated. *See United States v. McGinnis*, 783 F.2d 755, 758 (8th Cir.1986). Because Dwayne Brown's testimony corroborated Johnson's and Guyton's, we find no error in the district court's instruction.

The judgment of conviction is affirmed.