**UNITED STATES of America, Appellee,**

v.

**Leanna L. SANCHEZ, Appellant.**

**Nos. 90–2152, 90–2153.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1991.

Decided Feb. 28, 1991.

Murray Bell, Davenport, Iowa, for appellant.

Richard Richards, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before MAGILL, and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Leanna Sanchez appeals her convictions from two separate criminal trials.[1] The final judgment in both trials was handed down on June 19, 1990. In the first trial, Sanchez was convicted of one count of conspiracy, in violation of 18 U.S.C. § 371, and one count of harboring an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(C). In the second trial, Sanchez was convicted of one count of conspiracy, five counts of creating and supplying false writings and documents for use in immigration applications, in violation of 8 U.S.C. § 1160(b)(7)(A)(ii), and five counts of filing immigration documents containing false or fraudulent statements, in violation of 8 U.S.C. § 1160(b)(7)(A)(i). Sanchez claims that the district court erred in admitting videotaped depositions at trial without a showing by the government that the witnesses were unavailable; that she received ineffective assistance of counsel; that there was insufficient evidence to support the jury's verdict; and that the court erred in dismissing her Jencks Act request for documents in the government's possession. Because these arguments are without merit or are not properly before this court, we affirm.

In July 1989, Sanchez and her husband met with three illegal aliens at a restaurant

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

in Aurora, Illinois. Mr. Sanchez told the illegal aliens that he could arrange to get immigration papers for them. During the meeting, Mrs. Sanchez and another woman accepted $140 from the aliens and wrote out receipts. Mrs. Sanchez later prepared "work papers" and "immigration papers," both of which were signed by the aliens at the Sanchez' home. In early August, the three illegal aliens were arrested in Muscatine, Iowa. On August 28, 1989, the police arrested Sanchez and her husband. The government filed a motion on August 30, 1989, to take evidentiary depositions of the aliens. On September 6, 1989, attorney Ray Sullins appeared on behalf of both Mr. and Mrs. Sanchez at the videotaped depositions. On September 20, 1989, a grand jury charged Mrs. Sanchez and her husband with one count of conspiracy to transport and harbor illegal aliens, four counts of harboring illegal aliens, and eight counts of transporting illegal aliens. On October 2, 1989, the magistrate judge discussed the problems of joint representation with Mr. and Mrs. Sanchez. At that time, Mrs. Sanchez waived her right to separate counsel. A few weeks later, Mrs. Sanchez changed her mind and retained independent counsel. The trial began on December 5, 1989. The jury convicted Mrs. Sanchez of one count of harboring illegal aliens and one count of conspiracy.

On July 17, 1990, Mr. and Mrs. Sanchez were charged with one count of conspiracy, nine counts of filing immigration applications containing false or fraudulent statements, and nine counts of creating and supplying false writings and documents for use in such applications. At the subsequent trial, Celedonio Rangel testified that he had signed false affidavits for illegal aliens stating that he was their work crew leader. Rangel testified that he was at the Sanchez' home the first time he signed these papers. Mrs. Sanchez' attorney moved for the production of all the affidavits signed by Rangel and filed with the INS, arguing that the affidavits were statements under the Jencks Act, 18 U.S.C. § 3500. The court denied the motion, ruling that the forms were not "statements of

the witnesses relating to the subject matter as to which the witness has testified with respect to the meaning of Section 3500(b)." Mrs. Sanchez was convicted on eleven of the nineteen counts.

■ Leanna Sanchez first argues that the videotaped depositions should not have been introduced at trial because the government failed to make the showing of unavailability required by Rule 15 of the Federal Rules of Criminal Procedure and Rule 804(a)(5) of the Federal Rules of Evidence. This argument is without merit. Sanchez first objected to the use of the videotapes on the morning of trial through her attorney at trial, Murray Bell. Her original attorney, who had represented both Sanchez and her husband at the depositions, testified that he had consulted with both of them when the government moved to take the depositions of the illegal aliens and that both had consented to the use of the videotapes. Therefore, Sanchez waived her right to object. The district court properly admitted the videotaped depositions into evidence.

■ Sanchez next argues that she received ineffective assistance of counsel because she was represented by the same attorney as her husband for the first two months of this case and because their attorney did not object to the videotaping of the depositions. As a general rule, ineffective assistance of counsel claims are not cognizable on direct appeal. *United States v. Murphy*, 899 F.2d 714, 716 (8th Cir.1990). Such claims are more properly raised in a habeas corpus proceeding, where the district court can hold evidentiary hearings to examine the performance of counsel. The rare exceptions to this rule occur when the district court develops a record on the ineffectiveness issue. *See United States v. Williams*, 897 F.2d 1430, 1434 (8th Cir. 1990). Since there is no such record, we dismiss these claims without prejudice.

■ Sanchez next argues that the jury had insufficient evidence to convict her on the harboring of illegal aliens and conspiracy counts of the September 20, 1989, indictment. When reviewing a sufficiency of

the evidence claim, this court examines the evidence in the light most favorable to the government and gives the government the benefit of all reasonable inferences to be drawn from the evidence. *United States v. Springer,* 831 F.2d 781, 783–84 (8th Cir. 1987). The jury heard evidence that Mr. and Mrs. Sanchez met with illegal aliens; that the aliens told Mr. Sanchez that they were illegal; that Mr. Sanchez told illegal aliens that he could provide immigration papers for them; that Mr. Sanchez paid to rent an apartment for the illegal aliens; that Mrs. Sanchez took the illegal aliens to an apartment paid for by Mr. Sanchez; and that Mrs. Sanchez told an illegal alien that she would give him a paper that would permit him to work. In fact, however, the evidence showed that the paper she gave him only stated that she and her husband were representing the alien in immigration matters. Viewing this evidence in the light most favorable to the jury, there was sufficient evidence to support the jury's finding of guilt on these charges.

■ Sanchez' final claim is that the district court erred when it denied her motion for production of the affidavits signed by Rangel and filed with the INS. Even assuming the district court erred, we affirm Sanchez' convictions because the error was harmless. As this court stated in *United States v. Roberts,* 848 F.2d 906 (8th Cir. 1988), "In the absence of either bad faith on the part of the government or prejudice to the defendant, a failure to disclose Jencks Act material ordinarily will not result in reversal." *Id.* at 908. There is no evidence that the government acted in bad faith. The additional affidavits referred to by the government witness did not enhance his credibility, nor did they in any way bear on the question of Sanchez' guilt. These affidavits would not have helped impeach the witness, since he had already admitted to signing them. Furthermore, the affidavits at issue in Sanchez' trial were admitted as evidence. Therefore, since there was no bad faith and no prejudice, reversal would be improper.

For the reasons given, we affirm the appellant's convictions.