991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Mark BOGAN, Appellant.
 No. 92-2718.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1993.
Filed: April 19, 1993.
 
 Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mark Bogan appeals the two concurrent 136-month sentences imposed by the District Court[1] for the Eastern District of Missouri following his guilty plea to two counts of possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1). For reversal, Bogan argues his sentence violated the Equal Protection Clause, his counsel was ineffective at sentencing, and the district court erred in not resolving all disputed facts at sentencing. We affirm the judgment of the district court.
 
 
 2
 In his plea agreement, Bogan stipulated to the following facts. On December 4, 1991, Bogan agreed to sell ten ounces of cocaine to a confidential informant. Police officers arrested Bogan and found in his possession 279.3 grams of cocaine hydrochloride with an 89% purity level. Bogan admitted that the cocaine was his and that he intended to distribute or sell the drug. On the same day, police officers executed a search warrant of Bogan's residence and found 431.4 grams of 89% pure cocaine and 115.36 grams of 86% pure crack cocaine in his bedroom closet. In addition, officers found a microwave, packages of Inositol, plastic bags, $10,600 United States currency, and two loaded weapons. Bogan acknowledged that the drugs were his and were intended for distribution or sale, and that he possessed the other seized items.
 
 
 3
 The plea agreement also provided that Bogan demonstrated an acceptance of responsibility, and that in exchange for his guilty plea to the two counts, the government would not bring any further criminal charges arising out of the December 4 events. The district court accepted Bogan's guilty plea.
 
 
 4
 Bogan objected to the presentence investigation report (PSR), arguing that (1) 21 U.S.C. § 841(b)(1)(A) was unconstitutional as applied because the 100-to-1 ratio of cocaine to cocaine base was not rational and because it violated his right to equal protection; and (2) all of his bench warrants for traffic offenses had been quashed. Bogan further argued that these reasons constituted mitigating factors to warrant a downward departure. At the sentencing hearing, Bogan's counsel did not put on any evidence in support of his objections. The district court ruled against Bogan on the constitutional issues and corrected the PSR to reflect that there were no traffic charges pending against Bogan. Having resolved these issues, the district court denied a downward departure.
 
 
 5
 On appeal Bogan argues that there is no rational basis for the 100-to-1 ratio for enhancement for crack cocaine; his counsel was ineffective for failing to provide any evidence to support his objections to the PSR or to support a downward departure, and for failing to argue against the imposition of a two-level enhancement for possession of a weapon where there was no evidence of any connection between the weapon and the offense; and the district court did not support its rulings with express findings of fact on the record.
 
 
 6
 Contrary to Bogan's argument, we have upheld the validity of the actual 100-to-1 ratio against equal protection challenges. See United States v. Williams, 982 F.2d 1209, 1213 (8th Cir. 1992) (and cases cited therein).
 
 
 7
 Bogan's claim that the district court failed to resolve factual inaccuracies is without merit. The district court expressly corrected the factual discrepancies in the PSR by deleting references to the bench warrants.
 
 
 8
 Bogan's claims of ineffective assistance of counsel would require further factual development of the record and thus should be considered in a collateral proceeding under 28 U.S.C. § 2255. See United States v. Sanchez, 927 F.2d 376, 378 (8th Cir. 1991) (per curiam). We dismiss those claims without prejudice.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri