12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Plaintiff Appellee,
v.
Guillermo MIDENCE-FIGUEROA, Defendant Appellant.
UNITED STATES OF AMERICA, Plaintiff Appellee,
v.
Carlos Andres CENTENO-LOPEZ, Defendant Appellant.
 Nos. 93-2587, 93-2583.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1993.
Filed: December 7, 1993.
 
 Before JOHN R. GIBSON, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Guillermo Midence-Figueroa and Carlos Andres Centeno-Lopez appeal their convictions of transporting illegal aliens and aiding and abetting in the transportation of illegal aliens from Mexico into the United States. Both argue that the district court[1] erred in denying their motions for judgment of acquittal based on insufficient evidence. We affirm the convictions.
 
 
 2
 At trial, the government presented evidence that the Border Patrol received a call from a person in Matamoros, Mexico, saying that arrangements were being made to transport a number of individuals from Mexico to the United States. The Border Patrol gave the informant a telephone number and told him to give the number to the smuggler. Two days later, the officer received a call stating that arrangements were being made to bring three persons from Mexico to Houston and then to Texarkana at a charge of $800 apiece. The Border Patrol arranged for an undercover officer to pay the transportation charges upon the aliens' arrival in Texarkana. The officers later received another call about the aliens, gave the caller directions to Texarkana, and were informed that the price had increased to $900 per person. The caller then telephoned the undercover agents to arrange a meeting in Little Rock, Arkansas, and agents arrested appellants when they arrived in Little Rock with the illegal aliens.
 
 
 3
 Three witnesses, Sergio Gonzales, Hilario DeLeon, and Decom Benombro Combleto, testified that they were in a refugee house in Matamoros with others who wanted to "intern" in the United States. They stated that Midence-Figueroa came to talk to them about traveling to the United States and made arrangements for their trip. Eventually, Midence-Figueroa guided Gonzales, DeLeon, Combleto and others across a river, where Centeno-Lopez picked them up. The witnesses testified that they and several other Mexicans loaded into a car and were driven until they neared an immigration point. At that point they all left the car and walked from 11:00 p.m. until 4:00 or 5:00 in the morning. Later they again met Centeno-Lopez, were then driven to Houston, stopped at a couple of houses for several hours, and eventually were driven to the motel in Little Rock.
 
 
 4
 In determining the sufficiency of the evidence to support criminal convictions, we consider the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Weston, 4 F.3d 672, 674 (8th Cir. 1993). We draw from the facts all reasonable inferences in favor of the government. United States v. Roberts, 848 F.2d 906, 908 (8th Cir.), cert. denied, 488 U.S. 931 (1988). We must resolve all conflicts in the evidence in the government's favor. Smalley v. United States, 798 F.2d 1182, 1188 (8th Cir. 1986).
 
 
 5
 Considering the testimony presented at trial, we have no hesitation in concluding that there was sufficient evidence to support the convictions.
 
 
 6
 We affirm the convictions.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas