UNITED STATES of America, Appellee,

v.

**Lee HOOD, also known as Henry Leon Hood, Appellant.**

No. 94–3705.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1995.

Decided March 24, 1995.

Robert Thomas, St. Louis, MO, argued, for appellant.

David Rosen, St. Louis, MO, for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MURPHY, Circuit Judge.

DIANA E. MURPHY, Circuit Judge.

Lee Hood appeals his conviction after a jury trial of two counts of mail fraud in violation of 18 U.S.C. § 1341. Hood was sentenced to two months imprisonment, a total fine of $500 and two years supervised release on each count. He argues that the district court[1] erred in denying his motions for judgment of acquittal because the evidence presented at trial was insufficient to sustain his conviction. We affirm.

Hood was charged with involvement in a scheme to defraud an insurance company. The scheme allegedly consisted of the making of a false representation that co-defendant Robert Ernst's boat had been stolen and the making of a fraudulent claim on it. Hood states that evidence showing that he knew the boat was stolen and an insurance claim was made is not enough to prove his involvement in fraud. Suspicious circumstances alone do not establish criminal conduct. The government responds that the evidence was sufficient to sustain his conviction.

The evidence at trial indicated that Ernst was in significant debt and had tried unsuccessfully to sell his boat, which was insured by Metropolitan Property & Casualty Company. On November 3, 1993, co-defendant Joe Martin approached Martin Dames and offered to sell him Ernst's boat. Martin indicated that the owner was giving up the boat to collect insurance money. Unknown to Martin, Dames was an undercover informant for the Federal Bureau of Investigation, and he recorded their conversations about the boat. They met several times, and

---

1. The Honorable Edward L. Filippine, Chief United States District Judge for the Eastern District of Missouri.

Dames agreed to buy it. Martin told Dames that there was a middleman who met with the owner and acted as the go-between with Martin.

After Ernst filed an insurance claim, the adjuster asked him for the keys to the boat. One ignition key was missing because Martin had given it to Dames after the sale. In order to retrieve it, Martin contacted Dames and set up a meeting for January 24, 1994. Martin arrived at the meeting with Hood. Dames produced the key, wiped his fingerprints off it, and handed it to Martin. Martin wiped his prints from it and passed it on to Hood. Dames then asked, "Oh, he gets it huh? You get to put your fingerprints all over it huh?" Hood responded "Yeah" and put the key in his pocket. Later in the conversation, Hood explained to Dames why the owner needed the key back: "What his problem is ... (inaudible) ... His insurance won't pay 'cause he said he couldn't find the key. He had another one they just can't find it."

At the close of the government's evidence and again at the close of all the evidence, Hood made oral motions for judgment of acquittal. Both were denied. After the jury returned its guilty verdict, Hood filed a written motion for judgment of acquittal which was denied at his sentencing hearing. Hood argues on appeal that his conviction should be reversed because the evidence at trial was insufficient to support it.

Jury verdicts are not lightly overturned. *United States v. Burks*, 934 F.2d 148, 151 (8th Cir.1991). A verdict must be upheld if any interpretation of the evidence would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt. *United States v. Parker*, 32 F.3d 395, 399 (8th Cir.1994). When reviewing sufficiency of the evidence claims, we view the evidence and all reasonable inferences from it in the light most favorable to the government. *United States v. Whitfield*, 874 F.2d 591, 592 (8th Cir.1989); *United States v. Roberts*, 848 F.2d 906, 908 (8th Cir.), *cert. denied*, 488 U.S. 931, 109 S.Ct. 322, 102 L.Ed.2d 340 (1988).

A jury could rationally infer from the facts presented at trial that Hood was know-ingly involved in the scheme to defraud Metropolitan. It could conclude that Hood was the middleman about whom Martin told Dames or that he had agreed to get the key for Ernst. Hood's statement to Dames indicated he was aware that Ernst had submitted an insurance claim on the boat. The meeting with Dames to get the boat key would not have made sense if the understanding was that the boat had been stolen. The circumstances of the meeting, including the statements made and Hood's taking possession of the key after watching both Dames and Martin wipe their fingerprints from it, support the inference that Hood knew he was involved in a fraudulent scheme.

Hood's reliance on *United States v. Weston*, 4 F.3d 672 (8th Cir.1993), is misplaced. In this case, Hood's own conduct and statements imply that he knew about and was participating in a fraudulent scheme. The verdict was not based on mere "guess-work." The jury was entitled to draw reasonable inferences from the evidence. Examination of the evidence as a whole shows it was sufficient to allow a reasonable jury to find Hood guilty beyond a reasonable doubt.

Accordingly, the judgment of conviction is affirmed.