**UNITED STATES of America, Plaintiff,**

**v.**

**Nancy Lynne MOYER, Defendant.**

**Criminal No. 97–167 (DSD/AJB).**

United States District Court,
D. Minnesota.

Nov. 26, 1997.

John William Lundquist, Fredrikson & Byron, Minneapolis, MN, for Nancy Lynne Moyer, defendant.

Alison E. Vander Vort, U.S. Atty. Office, Minneapolis, MN, for U.S.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion for a judgment of acquittal in accordance with Fed.R.Crim.P. 29(c). Based on a review of the file, record, and proceedings herein, the court denies defendant's motion.

## BACKGROUND

Defendant was convicted on November 12, 1997, on Counts 1, 2, 3, and 5 of the indictment in this case, which alleged defendant had tampered with consumer products in violation of 18 U.S.C. § 1365(a), and counts 5–11, which alleged prescription fraud in violation of 21 U.S.C. § 843(a)(3). The jury returned a verdict of not guilty as to Count 4, another product tampering charge. The defendant now brings this motion pursuant to Fed.R.Crim.P. 29(c), asking the court to enter a judgment of acquittal on counts 1, 2, 3, and 5 of the indictment, the remaining product tampering convictions.

## DISCUSSION

A motion for a judgment of acquittal challenges the sufficiency of the evidence. *During the course of trial, when the evidence is insufficient to sustain a conviction, the* court must, on motion of the defendant or its own motion, order the entry of a judgment of acquittal. Fed.R.Crim.P. 29(a). After the jury returns a verdict of guilty, the court may, on timely motion, set aside the verdict and enter a judgment of acquittal. Fed. R.Crim.P. 29(c). Jury verdicts, however, should not be lightly overturned. *United States v. Hood,* 51 F.3d 128, 129 (8th Cir. 1995). "[A] motion for a judgment of acquittal should be denied when ... there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may be introduced." *United States v. Huntsman,* 959 F.2d 1429, 1436–37 (8th Cir.1992), *cert. denied,* 506 U.S. 870, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992) (quoting *United States v. Rodriguez,* 812 F.2d 414, 416 (8th Cir.1987)). When reviewing the sufficiency of the evidence, the court examines the evidence and all reasonable inferences in the light most favorable to the government. *Hood,* 51 F.3d at 129. A verdict may be reversed only if the evidence is such that a reasonable jury must have entertained a reasonable doubt as to the government's proof on one of the essential elements of the offense. *United States v. Yerks,* 918 F.2d 1371, 1374 (8th Cir.1990).

Defendant argues that "the jury verdict must be set aside and a judgment of acquittal entered because the government failed to prove beyond a reasonable doubt that the specific consumer products tampered with, i.e. the PCA cassettes, affected interstate commerce." Mem. in Supp. of Mot. for a J. of Acquittal (Docket No. 80) at 1. The court dealt with the interstate commerce requirement of 18 U.S.C. § 1365(a) in instruction number 32, which in its entirety reads:

> The phrase "affects interstate commerce" means to be involved in or to affect in some way the trade or business between one state and another state. The government does not have to prove that the affect is substantial. Instead, the government only needs to prove beyond a reasonable doubt that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to affect commerce, and that commerce was, in fact,

affected. It is not necessary for the government to prove that the defendant knew or intended that tampering with the consumer product would affect interstate commerce.

The government may meet its burden with respect to this element by proving a connection between interstate commerce and the consumer product that was the subject of the alleged tampering as described in the indictment. The connection may be proven by one of the three following means:

1. The government may prove that the consumer product was in the stream of commerce at the time the alleged tampering occurred; or

2. The government may prove that the tampering resulted in an affect on interstate commerce at the time of or after the tampering; or

3. The government may prove that the consumer product was placed back into the stream of commerce after the alleged tampering to it occurred.

Defendant contends that neither the first nor third methods apply in this case because the PCA cassettes had reached their ultimate consumers and were not in the stream of commerce at the time the tampering occurred, nor were the cassettes placed back into the stream of commerce after the tampering. Defendant also argues that the proof at trial failed to establish the existence of method two, as the government presented no proof that interstate commerce was affected by the tampering at or after the time of the tampering.

The government responds that a reasonable jury could find that defendant's conduct affected interstate commerce, as the morphine was still in interstate commerce at the time defendant tampered with the morphine [1] and the tampering affected Methodist Hospital's supply of morphine, haldol, versed, ativan, and propofol. *See* Mem. in Resp. to Def.'s Mot. for J. of Acquittal (Docket No. 81) at 3–4.

 Whether the morphine contained in the PCA cassettes retained its interstate character at the time of the tampering or whether the tampering affected interstate commerce subsequent to defendant's actions, thus meeting the interstate commerce requirement of 18 U.S.C. § 1365(a), is a question of fact for the jury. *United States v. Levine,* 41 F.3d 607, 614 (10th Cir.1994); *United States v. Nukida,* 8 F.3d 665, 671 (9th Cir.1993). The court finds that in this case a reasonable jury could find that the government had satisfied its burden of proof on the interstate commerce element of 18 U.S.C. § 1365(a).

 The evidence proffered by the government at trial included testimony that some portion of the morphine prescribed for the relevant patients never reached those patients because defendant withdrew the morphine from the PCA cassettes before the morphine entered the patients' bloodstreams. The jury could therefore find that the morphine had not yet reached its end user and was still in the stream of commerce. In addition, the jury heard testimony that to control patients' agitation resulting from the then undetected decrease in their morphine intake, alternative medicines such as haldol, versed, ativan, and propofol were used. Because these medicines came to Methodist Hospital from out-of-state suppliers, a reasonable jury could find that defendant's tampering affected interstate commerce. Because a jury could so find, there is no basis for the court to conclude that the jury must have entertained a reasonable doubt as to the government's proof on the interstate commerce element of the offense. *Yerks,* 918 F.2d at 1374 (8th Cir.1990). Defendant's motion must therefore be denied.

### CONCLUSION

Based on a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion for a judgment of acquittal is denied.

---

1. While the defendant argues that the products tampered with are the PCA cassettes, the court agrees with the government that the relevant product is the morphine itself, and not the cassettes containing the morphine.