# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2891

_____

United States of America,

        Appellee,

        v.

Floyd Stroh,

        Appellant.

 

_____

No. 98-2934

_____

Appeals from the United States
District Court for the
District of North Dakota.

United States of America,

        Appellee,

        v.

Bruce Vollmer,

        Appellant.

_____

Submitted: March 9, 1999

Filed: May 6, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge of the U.S. Court of International Trade.

_____

HEANEY, Circuit Judge.

Floyd Stroh and Bruce Vollmer challenge the sufficiency of the evidence supporting their jury convictions for conspiracy to distribute a controlled substance, money laundering, conspiracy to launder money, and distribution of a controlled substance. We affirm.

**I.**

Stroh and Vollmer were acquaintances in the Bismark, North Dakota area. At trial, the jury found that Stroh and Vollmer had participated in a drug distribution and money laundering conspiracy whereby they purchased drugs in California, sent the drugs to North Dakota for resale, and received the profits via wire transfer. The government did not present evidence of seized drugs or money, but rather evidence of cash wire transfers in the amount of $33,011 between May 1, 1996 and November 22, 1996 in conjunction with evidence that Vollmer had only approximately $8,500 in legal income for 1995 and 1996 and Stroh had only $993 for the same period. The government also presented the testimony of Todd Backman and Vern Nastrom, members of the group involved in the activities, as to the nature of the group's activities and the conspiracy. Finally, the government presented the testimony of drug users who had purchased or received drugs from Stroh and Vollmer in the past.

Stroh and Vollmer presented evidence that contradicted or called into question the credibility of the testimony of Backman, Nastrom, and the drug users. To account

_____

[1]The Honorable Richard W. Goldberg, Judge of the U.S. Court of International Trade, sitting by designation.

for the cash wire transfers, Stroh presented the testimony of numerous witnesses that they had purchased various items of his property through Mark Gutknecht.[2]

## II.

On appeal, in reviewing the sufficiency of the evidence presented against Stroh and Vollmer, we review the evidence in the light most favorable to the verdict. See United States v. Jenkins, 78 F.3d 1283, 1287 (8th Cir. 1996). We will reverse only if no reasonable jury could have found the defendant guilty. See United States v. Ireland, 62 F.3d 227, 230 (8th Cir. 1995); see also United States v. Hood, 51 F.3d 128, 129 (8th Cir. 1995) ("A verdict must be upheld if any interpretation of the evidence would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt."). "Jury verdicts are not lightly overturned." Id. We can neither weigh the evidence nor assess the credibility of the witnesses. See Burks v. United States, 437 U.S. 1, 16-17 (1978).

With regard to the charge of conspiracy to distribute a controlled substance, Stroh and Vollmer contend that the government failed to prove that drugs were actually sent to North Dakota from California since it presented only a single Federal Express receipt which failed to connect the package to Stroh or Vollmer. However, this argument ignores the fact that the testimony of Backman and Nastrom as to the nature of the drug conspiracy, standing alone, was sufficient.

Stroh and Vollmer also argue that the testimony of Backman was insufficient to convict them of money laundering in light of the substantial evidence to the contrary in the form of testimony of Gutknecht and others that the wired money came

---

[2]Mark Gutknecht was originally indicted along with Stroh and Vollmer. After a first trial of the three men ended in a hung jury, the government elected not to retry Gutknecht at the second trial in which Stroh and Vollmer were ultimately convicted.

from Gutknecht's sale of Stroh's personal property after Stroh had moved to California. The government concedes that Stroh had some money available from the sale of personal property that accounts for the difference in his lawful income and the amount of the cash wire transfers to him. The government nonetheless points to specific transfers which Backman testified were drug related, giving the specific circumstances surrounding each transfer. Thus, Backman's testimony is not inconsistent with the sale of personal property. Furthermore, the jury was entitled to rely on the testimony of Backman as to the nature of the specific wire transfers and the involvement of both Stroh and Vollmer in the drug distribution and money laundering conspiracies. Backman testified that the wire transfers were money coming back for the methamphetamine that had been sent to North Dakota (Tr. at 266.) Backman further testified that he, Stroh, and Vollmer "teamed up and started getting drugs together and trying to sell them together." (Tr. at 239.) This testimony was sufficient to convict Stroh and Vollmer on the distribution and money laundering conspiracy charges.

The jury was also entitled to rely on the testimony of the government witnesses who testified that they had purchased various drugs from Stroh and Vollmer. Thus, this evidence amply supports the individual distribution charges.

In sum, although the government's evidence was circumstantial, it was sufficient for a reasonable jury to convict Stroh and Vollmer. See United States v. Wilcox, 50 F.3d 600, 602-03 (8th Cir. 1995) (verdict may be based on circumstantial evidence alone; standard of appellate review remains the same). The jury's verdict was largely supported by a credibility assessment of the testimony of Backman, and we are without power to review such an assessment. The jury was informed that Backman had an immunity deal with the government (see Trial Tr. at 270), and chose to credit his testimony nonetheless and convicted Stroh and Vollmer.

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.