# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1882

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Earl M. Treadway, | * | Northern District of Iowa. |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 7, 2001
Filed:  December 27, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

A jury convicted Earl M. Treadway of bank robbery, in violation of 18 U.S.C. § 2113(d), and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  The district court[1] sentenced him to consecutive terms of 36 months and 60 months imprisonment and concurrent terms of 5 years and 3 years supervised release.  Treadway appeals, raising three issues.

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

First, Treadway argues that the evidence at trial was insufficient to support the verdict. Viewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient--the jury simply chose to credit the government's witnesses rather than the defense's witnesses. See United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (stating that in considering the sufficiency of the evidence, this court reviews the evidence in the light most favorable to the verdict and may neither weigh the evidence nor assess witness credibility, and that reversal is warranted only if no reasonable jury could have found defendant guilty).

Second, Treadway argues that the district court failed to comply with Federal Rule of Criminal Procedure 23(b) when it excused a juror and allowed the case to be tried to an eleven-person jury. We conclude that Treadway is not entitled to any relief because both he and his counsel orally consented in open court to proceed with an eleven-person jury and thereby invited the alleged error of which he now complains. See United States v. Mahler, 141 F.3d 811, 814-15 (8th Cir.) (holding that defendant who orally agreed on the record to proceed with an eleven-person jury, but did not reduce the stipulation to writing, invited error and was not entitled to reversal for alleged Rule 23(b) error), cert. denied, 525 U.S. 885 (1998).

Third, Treadway argues that the district court clearly erred in applying a 2-level enhancement under U.S.S.G. § 3B1.1(c) for being the organizer, leader, manager, or supervisor of criminal activity. With the enhancement, Treadway's Guidelines imprisonment range on the bank robbery conviction[2] was 70-87 months; without it, the range would have been 57-71 months. The court departed downward to 36 months imprisonment under U.S.S.G. § 5H1.4. Thus, we conclude that this issue is unreviewable. See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (holding

_____

[2]Treadway's firearm conviction carried a statutory minimum sentence of 60 months imprisonment which must be imposed consecutively to the sentence for the bank robbery. See 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 3D1.1(b).

that allegedly erroneous application of enhancement was unreviewable where the defendant received a sentence below the applicable Guidelines range with or without the enhancement).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.