# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2879

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Eugar D. Burnett, also known as | * | [UNPUBLISHED] |
| Unknown Red, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 18, 2003

Filed:  March 27, 2003

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

A jury found Eugar D. Burnett guilty of possessing a firearm on June 1, 2001, after having been convicted of three felonies, in violation of 18 U.S.C. § 922(g)(1) and punishable under 18 U.S.C. § 924(e).  The district court[*] sentenced Burnett to 327 months imprisonment and five years supervised release.  On appeal, counsel has

_____

[*]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Burnett has submitted several pro se filings.

We conclude the evidence was sufficient to support the jury's verdict. Burnett stipulated to having one or more earlier felony convictions, and police officers and another witness testified Burnett possessed a firearm on June 1. See United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (sufficiency-of-evidence standard of review).

We reject the points counsel raises. First, the court properly allowed a witness to testify Burnett had previously stabbed and threatened him, because the testimony was relevant to Burnett's motive and intent to possess a firearm near the witness's residence. See Fed. R. Evid. 404(b); United States v. Burks, 934 F.2d 148, 151 (8th Cir. 1991) (prior-bad-act evidence). Second, Burnett's offense level was supported by testimony showing he fired a gun outside the witness's residence and later pointed the gun at an officer. See U.S.S.G. § 4B1.4(b)(3)(A) (level 34 for possessing firearm in connection with crime of violence). Third, Burnett's earlier conviction for second-degree burglary of a restaurant was a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii). Cf. United States v. Hascall, 76 F.3d 902, 904 (8th Cir.) (second-degree burglary of commercial building "involves conduct that presents a serious potential risk of physical injury to another"; noting quoted language is identical in U.S.S.G. § 4B1.2 (crime of violence) and § 924(e) (violent felony)), cert. denied, 519 U.S. 948 (1996).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. We affirm the district court and grant counsel's motion to withdraw. We also deny Burnett's motions–which seek to obtain or present evidence, and assert counsel failed to pursue witnesses and physical evidence–as they would be more properly pursued in other proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.