# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1131

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Nebraska.
Ramiro Garcia-Ramirez,      *
     *    [UNPUBLISHED]
        Appellant.      *

_____

Submitted: November 24, 2004
Filed: May 24, 2005

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ramiro Garcia-Ramirez appeals the district court's[1] entry of judgment and imposition of sentence after a jury found him guilty of illegally reentering the United States following removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). Garcia-Ramirez's counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738 (1967), questioning whether the evidence introduced at trial was sufficient to support the conviction. Garcia-Ramirez has filed a pro se supplemental brief, in which he argues that the 16-level increase to his base offense

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

level, pursuant to USSG § 2L1.2(b)(1)(A), violated his Sixth Amendment rights based on the reasoning of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

The evidence introduced at trial was more than adequate to support Garcia-Ramirez's illegal-reentry conviction. Garcia-Ramirez stipulated that he was an illegal alien, and the government presented abundant evidence from which a jury reasonably could have concluded that Garcia-Ramirez had been deported on numerous occasions, and had been found in Nebraska without having obtained permission to reenter the United States. *See United States v. Rodriguez-Arreola*, 270 F.3d 611, 619 n.15 (8th Cir. 2001) (§ 1326 requires that government prove defendant is alien, defendant was previously deported, and defendant has reentered United States without permission); *United States v. Stroh,* 176 F.3d 439, 440 (8th Cir. 1999) (standard of review).

Garcia-Ramirez's Sixth Amendment challenge to the 16-level increase fails, because the enhancement was based solely on the fact of his prior conviction for drug trafficking. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005) (holding that any fact "other than a prior conviction" which enhances a penalty beyond the maximum authorized by the conviction must be proven to a jury or admitted by the defendant). In light of *Booker*, however, the district court did err by applying mandatory sentencing guidelines, rather than advisory guidelines, to determine the appropriate term of imprisonment.

Reviewing the *Booker* claim for plain error, we conclude that Garcia-Ramirez's substantial rights were not affected by the court's erroneous application of mandatory sentencing guidelines, because the record as a whole does not establish a "reasonable probability" that he would have received a more favorable sentence had the court considered the guidelines as advisory. *See United States v. Pirani*, No. 03-2871, slip op. at 11 (8th Cir. Apr. 29, 2005) (en banc). The district court sentenced at the low end of the range, but a sentence at the bottom of the applicable guideline range is insufficient, without more, to demonstrate a "reasonable probability" of a more

favorable sentence under the advisory system. *Id.* at 12. The district court said it was inclined to sentence "at or near the low end of the guideline range" because that sentence represented a "substantial amount of time . . . for the offense under these circumstances," (Tr. at 113-14), but the court also remarked that "it's questionable in this case whether any length of prison term is sufficient to deter this particular defendant from committing this offense again." (Tr. at 116). Garcia-Ramirez has a serious criminal history, including two prior convictions for felony drug offenses, two prior convictions for property offenses, and three prior convictions for illegal reentry, including a 1999 conviction for which he was under supervised release at the time of the instant offense. Under the circumstances, we conclude that the record as a whole does not establish a reasonable probability of a more favorable sentence under the advisory guideline regime of *Booker*.

Upon our independent review under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw on the condition that counsel complies with Part V of this court's Amended Criminal Justice Act Plan.

---