# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1744

_____

Michael Brazell,

        Appellant,

v.

D. W. Tate, Captain, Cummins
Unit, ADC; Lequista Swopes,
Officer, Cummins Unit, ADC,

        Appellees.

\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.

\*   [UNPUBLISHED]

_____

Submitted: August 5, 2010
Filed: August 12, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Arkansas inmate Michael Brazell appeals from the judgment entered by the district court[1] upon a jury verdict in favor of D. W. Tate and Lequista Swopes (Defendants) on his claims of excessive use of force and failure to protect. Proceeding pro se on appeal, Brazell argues that (1) he received ineffective

_____

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

assistance of counsel at his jury trial; (2) "someone" tampered with, removed, or destroyed a surveillance videotape that purportedly had evidentiary value; (3) Defendants committed perjury; and (4) Defendants violated court procedures by failing to call certain witnesses who had been included on Defendants' pretrial witness list.  For the reasons that follow, we find no basis for reversal.

First, Brazell's arguments regarding the competency of his trial counsel are unavailing.  See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (there is no statutory or constitutional right to effective assistance of counsel in civil case; remedy for ineffective assistance of appointed counsel in civil action is legal malpractice suit).  Second, Brazell failed to preserve any evidentiary issue with regard to the surveillance videotape, and no plain error occurred.  See Cincinnati Ins. Co. v. Bluewood, Inc., 560 F.3d 798, 805 (8th Cir. 2009) (when issue has not been adequately preserved, this court reviews for plain error; review is narrowly circumscribed and this court will reverse only in exceptional case in which error has seriously affected fairness, integrity, or public reputation of judicial proceedings); Foster v. Delo, 39 F.3d 873, 880-81 (8th Cir. 1994) (en banc) (claim of trial court error in excluding testimony procedurally defaulted by defendant's failure to make offer of proof).  Third, Brazell's conclusory allegation of perjury is not a ground for appeal.  See United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (jury verdicts are not lightly overturned; this court can neither weigh evidence nor assess credibility of witnesses).  Last, Brazell failed to preserve his objection to Defendants' failure to call certain witnesses, and in any event they were not required to call every witness on their pretrial list.  See Fed. R. Civ. P. 26(a)(3)(A) (party must provide to other parties, inter alia, names of each witness party expects to present or those it may call if need arises); see also Cincinnati Ins. Co., 560 F.3d at 805 (plain-error review).

The judgment is affirmed.  See 8th Cir. R. 47B.

_____

-2-