**UNITED STATES of America, Appellee,**

v.

**Terrance Kenneth PROVOST,
Appellant.**

No. 90–5127.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 1, 1990.

Decided Dec. 10, 1990.

**164**

Robert C. Riter, Jr., Pierre, S.D., for appellant.

Makal Hanson, Pierre, S.D., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

### PER CURIAM.

Terrance Provost appeals the denial of his motion for a new trial based on newly discovered evidence under Rule 33 of the Federal Rules of Criminal Procedure. Provost was convicted of aggravated sexual assault on his ten-year old half sister Loretta Stone in 1987. That conviction was affirmed by this court. *United States v. Provost*, 875 F.2d 172 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 170, 107 L.Ed.2d 127 (1989). The facts of the case were discussed at length in that opinion and will not be repeated here.

A trial court has broad discretion in granting or denying a motion for a new trial based on newly discovered evidence. The following test must be met in determining whether a motion for new trial should be granted:

"(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal."

*United States v. McColgin*, 535 F.2d 471, 476 (8th Cir.), *cert. denied*, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976) (quoting *United States v. Pope*, 415 F.2d 685, 691 (8th Cir.1969), *cert. denied*, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1970)). The district court found that the evidence was merely impeaching and probably would not result in acquittal on a new trial. The district court also denied Provost's request for an evidentiary hearing on the motion for new trial because the briefs and affidavits filed were sufficient. We affirm.

■ The basis of Provost's motion for a new trial lies in his claim that since his conviction and sentence, Loretta Stone, the victim, has alleged that she has been assaulted by her step-brother Shane Stone for four and one-half years including the period during which she was assaulted by Provost. Provost filed eight affidavits alleging that Shane had sexually assaulted Loretta and that her father, Larry Stone, had also abused her. Provost argues that the district court erred in denying an evidentiary hearing upon the motion for a new trial. He contends that the direct testimony of social service workers, Shane, Larry, and Loretta Stone would provide the court the opportunity to hear the new testimony and observe its credibility. Loretta's parents are in the middle of a custody dispute. Several reports, filed by doctors, incorporated into the affidavits, refer to Loretta's manipulative behavior. R. at 43–44, 52, 76–79. However, these affidavits also state that this behavior could be due to Loretta's sexual abuse and the custody dispute. *Id.*

■ Ordinarily, a motion for a new trial based on new evidence may be decided without a hearing resorting only to affidavits. However, a hearing may be granted if exceptional circumstances exist. *United States v. Bednar*, 776 F.2d 236, 239 (8th Cir.1985). The district court has broad discretion in deciding whether to hold a hearing. *Id.* Exceptional circumstances do not exist in this case. There are no complicated disputed facts and the district judge was familiar with Provost's case because he had been the judge at Provost's trial. He also was familiar with most of the witnesses upon whose affidavits Provost is relying. *See id.*

■ The district court denied the motion for a new trial because the court determined that the evidence was merely impeaching. Impeachment evidence is insufficient to compel granting a new trial. *United States v. Ward*, 544 F.2d 975, 978 (8th Cir.1976). The new evidence contained in the affidavits only suggest the possibility that Loretta was sexually assaulted by her stepbrother as well as by Provost. None of the affidavits contain information

stating that Provost did not assault Loretta. In fact, the affidavits from several of the doctors and social services workers contain Loretta's statements about being assaulted by Provost and Shane. R. at 47, 50, 72. Much of this so-called new information would probably also be excluded by Federal Rule of Evidence 412. Rule 412 prohibits introducing evidence of a rape victim's past sexual behavior subject to three exceptions.[1] *United States v. Shaw*, 824 F.2d 601, 603–04 (8th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988). We agree with the district court that this evidence would merely impeach Loretta's testimony and does not compel granting a new trial. Loretta has not retracted her statement that Provost assaulted her and none of the affidavits state that Loretta lied about Provost's assault. We find that Provost's newly discovered evidence also would probably not lead to an acquittal if a new trial were granted. Even if evidence that Shane assaulted Loretta was presented to the jury, the jury could still find that Provost had also assaulted her. Additionally this new evidence could have been discovered during the trial. Although Provost argues that Loretta's complaints against Shane were not made until after the trial when her parents were involved in the custody dispute, he cites in his affidavit to the trial transcript where he tried to develop this line of questioning. T. 36–38. Evidently, Provost knew something about the possibility of Shane sexually assaulting Loretta. Provost thus did not proceed with due diligence.

Provost does not meet the test for granting a new trial based on newly discovered evidence. We find that the district court did not abuse its discretion regarding the denial of the evidentiary hearing or in denying the motion for a new trial. Affirmed.

---

1. Rule 412 states:

   (a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of an offense ... reputation or opinion evidence of the past sexual behavior of an alleged victim of such offense is not admissible.

   (b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of an offense ... evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—

   (1) ... constitutionally required to be admitted; or

   (2) ... evidence of—

   (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

   (B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which such offense is alleged.

   Fed.R.Evid. 412.