**UNITED STATES of America, Appellee,**

v.

**John Joseph MENARD, Sr., Appellant.**

**No. 90–5540.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1991.

Decided July 24, 1991.

Lee C. McCahren, Pierre, S.D., for appellant.

Dennis R. Holmes, argued, Pierre, S.D., for appellee. Dennis R. Holmes, Pierre, S.D. and Philip N. Hogen, Sioux Falls, S.D., on the brief.

Before FAGG, WOLLMAN and MAGILL, Circuit Judges.

PER CURIAM.

After a jury convicted John Joseph Menard, Sr. of assault with a dangerous weapon and use of a firearm during a crime of violence, Menard filed a motion for a new trial based on newly discovered evidence. *See* Fed.R.Crim.P. 33. The district court denied the motion. Menard appeals and we affirm.

Menard filed three affidavits in the district court to support his motion for a new trial. Menard's trial counsel stated members of Menard's family informed him one of Menard's brothers, Harold, shot the victim. Likewise, Menard's mother and his wife each stated Menard's brother Harold had admitted he shot the victim. After the district court denied Menard's motion and he filed this appeal, Menard filed an affidavit with this court containing a purported confession by his brother Harold.

We review the district court's denial of Menard's motion for abuse of discretion. *United States v. Provost*, 921 F.2d 163, 164 (8th Cir.1990) (per curiam), *cert. denied,* — U.S. ——, 111 S.Ct. 1603, 113 L.Ed.2d 666 (1991). A motion for a new trial based on newly discovered evidence should only be granted if, among other things, the evidence would probably produce an acquittal. *Id.*

On appeal, we cannot consider affidavits outside the original district court record. *Huelsman v. Civic Center Corp.*, 873 F.2d 1171, 1175 (8th Cir.1989). Thus, the document claimed to be Harold's affidavit is not part of the record for our review and we cannot consider it as evidence. *Id.*

We agree with the district court that the three affidavits Menard filed below were insufficient to justify a new trial because the new evidence would probably not produce an acquittal. The claimed admissions are hearsay. *See* Fed.R.Evid. 801, 802. Although the confessions might be admissible as a statement against interest, Menard would have to show both Harold's unavailability as a witness and corroborating circumstances clearly indicating the trustworthiness of Harold's statements. Fed.R.Evid. 804(b)(3). No evidence suggested Harold shot the victim. In any event, the uncorroborated testimony of Menard's mother and his wife would be properly excluded under rule 403. *See Perry v. Rushen*, 713 F.2d 1447, 1449 (9th Cir.1983), *cert. denied*, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).

Even if the testimony could be admitted at a new trial, we do not believe the jury would acquit Menard. Menard has not presented the affidavit of any impartial witness linking a brother named Harold to the crime. The affidavits of Menard's mother and his wife contradict the trial testimony of many witnesses. Two eyewitnesses testified Menard shot the victim. Another witness testified she saw Menard fire the gun. Menard's twelve-year-old nephew, Harold, testified he ran to the scene after he heard shots and saw Menard standing next to a gun. Menard and two brothers testified that no one had a gun and no shots were fired. Finally, one brother testified that Menard has no brother named Harold. Thus, we conclude the district court did not abuse its discretion in denying Menard's motion.

Accordingly, we affirm.