960 F.2d 1054
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Douglas C. JOHNSON, Appellant.
 No. 91-3530.
 United States Court of Appeals, Eighth Circuit.
 Submitted: March 12, 1992.
Filed: April 15, 1992.
 
 Before FAGG and BEAM, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 On June 5, 1990, a jury found Douglas C. Johnson guilty of two counts of interstate transportation of stolen motor vehicles in violation of 18 U.S.C. §§ 2, 2312. The district court sentenced Johnson to imprisonment for four years on each count and we affirmed his convictions on appeal. On September 25, 1991, Johnson filed a motion for a new trial, alleging that he had discovered new evidence which probably would produce an acquittal. Johnson also alleged that three government witnesses had committed perjury at trial and that the government should have known their testimony was false. The district court denied Johnson's motion without an evidentiary hearing on October 25, 1991. Johnson appeals. We affirm.
 
 
 2
 We review a district court's decision to overrule a motion for new trial based on newly discovered evidence for abuse of discretion only. E.g., United States v. Begnaud, 848 F.2d 111, 113 (8th Cir. 1988). We find no such abuse here.
 
 
 3
 Johnson first claims that he is entitled to a new trial based on newly discovered evidence. As such evidence, he offers the testimony of four witnesses who would have disputed the testimony of the prosecution witnesses. To secure a new trial based on newly discovered evidence, the movant must demonstrate, among other things, that the evidence is not merely cumulative or impeaching and probably would produce an acquittal. E.g., United States v. Provost, 921 F.2d 163, 164 (8th Cir. 1990), cert. denied, 111 S. Ct. 1603 (1991); , 921 F.2d at 164; United States v. Kienzle, 896 F.2d 326, 330 (8th Cir. 1990). We already have held that "[n]ewly discovered evidence which serves only to refute testimony of a government witness is impeaching [testimony.]" United States v. Estabrook, 774 F.2d 284, 290 (8th Cir. 1985). For this reason alone, Johnson is not entitled to a new trial based on newly discovered evidence. Moreover, we do not believe that Johnson's additional testimony probably would produce an acquittal.
 
 
 4
 Johnson also contends that he is entitled to a new trial because his newly discovered evidence shows that three government witnesses testified falsely. To secure a new trial on this ground, the movant must demonstrate that a witness committed perjury and that the prosecution knew or should have known the testimony was false. E.g., Lindhorst v. United States, 658 F.2d 598, 602-03 (8th Cir. 1981), cert. denied, 454 U.S. 1153 (1982); United States v. Runge, 593 F.2d 66, 73 (8th Cir.), cert. denied, 444 U.S. 859 (1979). Initially, we find it questionable that the government witnesses committed perjury. But even if we assume that they did, Johnson has not presented any reason to conclude that the prosecution knew their testimony was false. The testimony of all three witnesses was consistent with their prior statements and corroborated by other evidence. Although the company for which the witnesses worked had been prosecuted in an unrelated case, this does not demonstrate that the prosecution had reason to believe the witnesses were lying in this case. Johnson, therefore, is not entitled to a new trial based on perjured testimony. See Lindhorst, 658 F.2d at 602-03.
 
 
 5
 Johnson also contends that the district court abused its discretion in denying his motion for new trial without conducting an evidentiary hearing. We find no exceptional circumstances here which would require such a hearing. The district court, therefore, did not abuse its discretion. See United States v. Bednar, 776 F.2d 236, 239 (8th Cir. 1985).
 
 
 6
 For the reasons discussed above, we affirm the district court's denial of Johnson's motion for a new trial.
 
 
 
 *
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation