UNITED STATES of America, Appellee,

v.

Llewellyn Joseph IRELAND, also known as Bucky Ireland, Appellant.

UNITED STATES of America, Appellee,

v.

Tina Renee Desormeaux IRELAND, Appellant.

Nos. 94–2837, 94–4041.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1995.

Decided July 28, 1995.

Gregory Ian Runge, Bismarck, ND, argued, for Llewellyn Joseph Ireland.

William D. Schmidt, Bismarck, ND, argued, for Tina Renee Desormeaux Ireland.

Scott J. Schneider, Asst. U.S. Atty., Bismarck, ND, argued, for U.S.

Before RICHARD S. ARNOLD, Chief Judge, WOOD,[*] Senior Circuit Judge, and FAGG, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Llewellyn J. (Bucky) Ireland appeals his conviction for simple assault, and his wife, Tina Renee Desormeaux Ireland, appeals her conviction for assault with a dangerous weapon. We affirm in both cases.

I.

The evidence before the jury, viewed in the light most favorable to the verdict, tended to show the following. On February 3, 1994, Charles Gipp, the victim, and Grace LeCompte,[1] got into an argument at the Pelican Bar in Fort Yates, North Dakota. The argument escalated into an exchange of epithets, with Gipp asserting that "if Tina ever went out with him she would never go back to

Bucky." The argument ended when a bartender asked Gipp to leave.

Four days later, on February 7, 1994, Bucky, Tina, and Robert Desormeaux[2] went to Gipp's home to confront Gipp about the comments he had made to Grace about Tina. Initially, Gipp spoke with Bucky in his home briefly, and Bucky left without incident. A short time later Tina knocked at Gipp's door and was invited in. Her entry was closely followed by that of Bucky and Robert. An argument ensued and turned into a shoving match when Gipp pushed Robert and Tina to the ground.

At some point during the scuffle, Bucky grabbed Gipp by the waist, and Robert re-entered Gipp's home with an ax handle. While Bucky held Gipp's waist, Gipp and Robert wrestled with the ax handle. As the men struggled, Tina stabbed Gipp several times with a knife. Gipp managed to get the ax handle from Robert and retreated from his home but continued to argue with Tina for several minutes. At the conclusion of the argument Gipp re-entered his home stating that he was going to call the police, and Bucky, Tina, and Robert drove away.

A jury convicted Tina of assault with a dangerous weapon in violation of 18 U.S.C. § 113(c), and simple assault in violation of 18 U.S.C. § 113(e). Bucky was convicted of simple assault, and Robert was convicted of felony assault. The District Court[3] sentenced Bucky to time served (approximately 30 days), nine months' probation, and a $10 special assessment. Tina was sentenced to 5 years' imprisonment. Tina and Bucky bring this appeal.

Each of the appellants raises three issues on appeal: whether the District Court erred by denying their motion for judgement of acquittal; whether the District Court abused its discretion by denying their motion for new trial based on newly discovered evidence; and whether the District Court erred,

---

[*] The Hon. Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. Ms. LeCompte is the mother of appellant Tina Ireland and the mother-in-law of appellant Llewellyn Ireland.

2. Robert Desormeaux, who was a co-defendant below, is Tina's brother and Bucky's brother-in-law.

3. The Hon. Patrick A. Conmy, United States District Judge for the District of North Dakota.

or abused its discretion by denying their motions to dismiss their indictments. We consider the arguments of both appellants together.

## II.

■ Following the trial, the appellants filed a motion for judgment of acquittal on the ground of insufficiency of the evidence, Fed.R.Cr.P. 29(c), which was denied. On appeal, we review the evidence in the light most favorable to the verdict, and reverse only if no reasonable jury could have found the appellant guilty beyond a reasonable doubt. *United States v. McGuire*, 45 F.3d 1177, 1186 (8th Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 2558, 132 L.Ed.2d 811 (1995).

In both Tina's case and Bucky's case, we conclude that there was sufficient evidence to support their convictions. The outcome turned almost exclusively on the credibility of the witnesses. Gipp testified that Tina stabbed him and that he wrestled with Bucky. Conversely, Bucky and Robert testified that Tina was not present when the fight occurred, and that it was not possible for Bucky to have assaulted Gipp given the location of Gipp's wounds.

■ It is the jury's job to judge the credibility of witnesses, and to resolve contradictions in the evidence. *United States v. Agofsky*, 20 F.3d 866, 869 (8th Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 280, 130 L.Ed.2d 196 (1994). In this case, the jury concluded that Gipp was more credible than Bucky or Robert, and accepted his account of the events surrounding his stabbing. It is likely that the jury suspected that Bucky and Robert were attempting to protect Tina— Bucky's wife and Robert's sister—from prosecution. The jury was entitled to believe that Bucky participated in the assault of Gipp despite some evidence to the contrary. See *United States v. Johnson*, 12 F.3d 827, 831 (8th Cir.), *cert. denied*, — U.S. ——, 114 S.Ct. 1860, 128 L.Ed.2d 482 (1994) (evidence

presented by the government need not be inconsistent with every reasonable hypothesis of innocence). We are persuaded that the evidence presented formed a reasonable basis for a jury to find Tina and Bucky guilty beyond a reasonable doubt. See *United States v. Smith*, 32 F.3d 1291, 1293 (8th Cir.1994).

## III.

■ The appellants also moved for a new trial based on newly discovered evidence. A district court may use its discretion to grant a new trial only if a defendant demonstrates, *inter alia*, that the new evidence is more than impeaching, that it is not cumulative, and that it would probably produce an acquittal. *United States v. Jones*, 34 F.3d 596, 600 (8th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1701, 131 L.Ed.2d 563 (1995). We will reverse the district court's decision to deny a motion for a new trial only if there is a clear abuse of discretion. *Ibid.*

■ The new evidence relied on by the appellants was the affidavits of Linda Follows-the-Road and Sandra Whiteman. Both affiants stated that they had seen the ax handle Robert was accused of wielding suspended above Gipp's door on several occasions before the stabbing. This evidence, the appellants claim, demonstrates that Gipp was the owner of the ax handle, that they acted in self-defense, and that Gipp was not credible.

Gipp may be the owner of the ax handle, and this evidence may compromise Gipp's credibility somewhat. Whether this evidence would lead to an acquittal, however, is not clear. The jury believed that Gipp was stabbed by Tina, and that the stabbing was not an act of self-defense. The jury also believed that Bucky struggled with Gipp. The District Court concluded that even if the jury had heard evidence that Gipp owned the ax handle, the verdict would not have changed.[4] The District Court is in the best

---

4. In its Memorandum Opinion denying the appellants' motion for new trial, the District Court stated:

> [T]he court is of the opinion that the evidence doesn't really help Llewellyn or Tina. Tina's conduct is not justified or excused by the issue

of club placement or ownership. Llewellyn's very minor participation and misdemeanor conviction is equally not affected by the club.... Llewellyn's direct testimony was far more damaging to his cause than was the Government's case in chief.

position to determine the impact evidence will have upon the jury. See *United States v. Johnson,* 934 F.2d 936, 941 (8th Cir.1991).

After reviewing the record before us, we cannot disagree with the District Court's conclusion. Ownership of the ax handle by Gipp would in no way justify the appellants' actions. It is not probable that impeachment evidence on such a collateral matter would produce an acquittal if Tina or Bucky were retried. See *Jones,* 34 F.3d at 600 (impeachment evidence on a collateral matter formed no basis for concluding that acquittal was probable in a new trial). Thus, the District Court's denial of their motion for new trial was not a clear abuse of discretion.

In a Motion to Supplement the Record before this Court, the appellants inform us that the conviction of their co-defendant, Robert Desormeaux, was set aside because of the new evidence that Gipp owned the ax handle. Appellants maintain that if the new evidence was sufficient to overturn Robert's conviction, it should have been sufficient to overturn their convictions as well. The motion to supplement the record is granted, but the argument contained in it is unavailing. Perhaps there is some inconsistency in the District Court's actions. That would not show that its action with respect to Bucky and Tina was an abuse of discretion. The District Court, moreover is in the best position to appreciate any subtle differences among the three cases.

### IV.

Finally, the appellants claim that their indictments should have been dismissed because the grand-jury selection procedure used by the District of North Dakota violates The Jury Selection Act, 28 U.S.C. § 1861 et seq., and the Fifth and Sixth Amendments to the Constitution. After careful review of the record, we conclude that each of the appellants' arguments in favor of dismissing the indictment must fail.

 The Sixth Amendment and the Act guarantee a criminal defendant a grand jury composed of a fair cross-section of the community chosen at random. *United States*

*v. Greene,* 995 F.2d 793, 796 (8th Cir.1993). In order to establish a violation of the fair cross-section requirement, the defendant must prove: (1) that a distinctive group in the community was excluded; (2) that representation of the group in venires from which juries are selected is unfair and unreasonable in relation to the group's numbers in the community; and (3) that the underrepresentation is due to systematic exclusion of the group. *United States v. Garcia,* 991 F.2d 489, 491 (8th Cir.1993). The evidence must demonstrate that exclusion is inherent in the jury-selection procedure used by the court. *Ibid.*

 In an effort to demonstrate the third factor, systematic exclusion, the appellants claim that the use of voter-registration lists to select jurors renders the grand-jury-selection procedure inherently faulty because fewer Native Americans register to vote than other members of the community. The appellants also have presented statistics to show that Native Americans are underrepresented in the jury pool. This evidence, without more, fails to establish that Native Americans were systematically excluded.

We have considered and rejected such claims in the past. We have stated and restated that " '[t]he mere fact that one identifiable group of individuals votes in a lower proportion than the rest of the population does not make a jury selection system illegal or unconstitutional.' " *Garcia,* 991 F.2d at 492 (quoting *United States v. Clifford,* 640 F.2d 150 (8th Cir.1981)). Likewise, numerical disparities resulting from the use of voter-registration lists do not violate a defendant's Sixth Amendment rights. *Garcia,* 991 F.2d at 492. In addition to a numerical disparity, a defendant must demonstrate that the voter-registration qualifications are suspect, or that the jury-selection procedure is administered in a discriminatory manner.

Tina and Bucky claim only that the use of the voter-registration lists for jury selection resulted in a violation of their right to a grand jury composed of a fair cross-section of the community, and that Native Americans are consistently underrepresented on grand

No. C1–94–006 (D.N.D. Nov. 1, 1994), slip op. at 5.

juries. They claim neither the use of suspect voter-registration qualifications or discriminatory administration of the jury-selection procedure. Therefore, they have failed to demonstrate the systematic exclusion of Native Americans required to establish a violation of their Sixth Amendment rights, or a violation of the Act. For the same reasons, there was no violation of the Fifth Amendment.

The convictions of Llewellyn Ireland and Tina Ireland are affirmed.