_____

No. 96-1135
_____

United States of America,            *
                                      *
            Appellee,                 *
                                      *   Appeal from the United States
      v.                              *   District Court for the
                                      *   Southern District of Iowa.
Billy Joe Worley, Jr.,                *
                                      *
            Appellant.                *


_____

            Submitted:  May 14, 1996

            Filed:  July 8, 1996
_____

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, HEANEY and HENLEY, Senior
      Circuit Judges.

_____

HENLEY, Senior Circuit Judge.


      Billy Joe Worley, Jr. appeals from an order of the district court[1]
denying his motion for a new trial after a jury found him guilty of being
a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g).  We
affirm.


      At approximately 5:30 a.m. on May 17, 1995, Worley and Rhonda McGee
arrived at the Heartland Inn motel seeking a room.  Sean Hickey, the desk
attendant, asked Worley for a credit card and identification.  After Worley
placed his briefcase on the counter and opened the lid, Hickey saw what he
believed to be a handgun.  Although he was "scared," Hickey had Worley fill
out the registration card and gave him a key to a room.  However, Hickey

_____

      [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

telephoned the police and told an officer that he believed Worley had a gun in his briefcase. Hickey also told Tracy Sahl, the desk attendant who relieved him at 7:00 a.m., about the gun. When Worley did not check out by the 11:00 a.m. check-out time and did not answer telephone calls or awaken when two motel employees went into his room and saw him apparently asleep on the bed, Sahl called the police. Officers Danny Middleton and Eric Huber responded. They went to Worley's room, knocked on the door and announced their presence, but received no response. They then opened the door with a passkey and awakened Worley, who was alone in the room. The officers explained that the desk attendant thought he had a gun and might have harmed himself or someone else. Worley denied having a gun, but told the officers he might have a lighter in his briefcase that looked like a gun. The officers asked if Worley could show them the lighter. Worley looked through the briefcase for two or three minutes but could not find anything that looked like a gun. Officer Huber then searched the briefcase and found a .22 caliber Derringer handgun. Worley denied being a felon and denied that the gun was his, claiming it belonged to a female friend who had been with him at the motel. After determining that Worley was a felon, the officers placed him under arrest.

At trial, in addition to the officers' and motel employees' testimony, the government presented the testimony of Kristi Hall. She testified that in April 1995, pursuant to Worley's request, she purchased the seized Derringer and gave it to Worley. On direct examination, Hall testified that when she first talked to investigating agents she had lied about purchasing the gun for Worley and admitted that she had been granted immunity in exchange for her truthful testimony. Hall also stated that Worley had asked her to "get him off" by falsely testifying that she was with him at the motel on May 17 and had the gun.

In Worley's defense, McGee testified that Hall was with her and Worley in the motel room on May 17, that Hall had the

Derringer, and that Hall was alone with Worley after McGee left the room at about 9:30 a.m.  On cross-examination, McGee admitted that she had been convicted of forgery and theft.

After the jury found Worley guilty of being a felon in possession, Worley filed a motion for a new trial based on newly discovered evidence. In support, he attached affidavits of Ronald Workman, who had been in jail with Worley, and Steve Shaffer.  Workman stated that after the conviction Hall told him that she had planted the gun in Worley's briefcase and that he was aware of other instances when Hall had planted guns.  Shaffer stated that Hall had told him on the day of the arrest that she had planted the gun in Worley's briefcase and that he knew Hall had planted a gun in another person's briefcase.

After a hearing, the district court denied the motion, finding that the alleged new evidence was merely impeaching, cumulative, and probably would not produce an acquittal.  See United States v. Ireland, 62 F.3d 227, 230 (8th Cir. 1995).  "We will reverse the district court's decision to deny a motion for a new trial only if there is a clear abuse of discretion."  Id.  In this case, the district court - which "is in the best position to determine the impact evidence will have upon the jury" - did not abuse its discretion.  Id. at 230-31.

On appeal Worley argues that the information in the affidavits is not merely impeaching or cumulative, but is substantive evidence that he did not knowingly possess the gun.  If Hall's statements that she had planted the gun are offered to prove the truth of the matter asserted, and not for impeachment, the statements are inadmissible hearsay.  In United States v. Menard, 939 F.2d 599, 600 (8th Cir. 1991) (per curiam), this court held that a district court did not abuse its discretion in denying a motion for a new trial based on affidavits of family members and defendant's counsel stating that defendant's brother told them he had shot the victim.

We explained that the statements were inadmissible not only under Fed. R. Evid. 801 and 802, but also were inadmissible as statements against penal interest under Rule 804(b)(3), because there was no showing that the declarant was unavailable and no "corroborating circumstances clearly indicat[ing] the trustworthiness of [the] statements," as the rule required.  Id.[2]  Likewise in this case, even assuming Hall's unavailability within the meaning of subsection (a) of Rule 804, there are no "corroborating circumstances clearly indicating the trustworthiness" of her alleged statements to Workman and Shaffer.  See also United States v. Mackin, 561 F.2d 958, 962 (D.C. Cir.) (probation officer's affidavit stating that government witness had told him she committed perjury at defendant's trial inadmissible under Rule 804(b)(3) because of lack of corroborating circumstances), cert. denied, 434 U.S. 959 (1977).  Moreover, the affiants' statements regarding Hall's alleged penchant for planting guns would also be inadmissible as substantive evidence under Fed. R. Evid. 404(a), which provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."[3]

In any event, even if the information in the affidavits were admissible, we agree with the district court that it probably would not produce an acquittal on retrial.  As the district court noted, in addition to Hall's testimony that she gave the gun to Worley, other evidence at trial demonstrated that Worley knowingly

---

[2]Rule 804(b)(3) provides, in relevant part, that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."  See United States v. Mendoza, No. 95-3572, slip op. at 8-9 (8th Cir. June 11, 1996) (discussing requirements of admissibility under Rule 804(b)(3)).

[3]Fed. R. Evid. 607, 608, and 609 provide in certain circumstances character evidence may be used to impeach a witness's credibility.

possessed the gun.  A reasonable juror could infer that Worley knew that the gun was in his briefcase not only from Hickey's testimony that he could see the gun when Worley opened his briefcase at the time of registration, but also from Worley's own statement to the arresting officers that he had something in the briefcase that looked like a gun.  See <u>United States v. Johnson</u>, 12 F.3d 827, 833-34 (8th Cir.)  (affiant's statement that defendant did not know gun was present at house because affiant owned gun and concealed it without defendant's knowledge probably would not produce acquittal of firearm conviction in view of trial evidence demonstrating defendant knowingly possessed gun), <u>cert. denied</u>, 114 S. Ct. 1860 (1994).[4]

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]<u>Johnson</u> upheld convictions for use of firearms in relation to drug trafficking offenses in violation of 18 U.S.C. § 924(c)(1). To the extent that the case upheld the convictions based on the mere proximity and availability of firearms found in houses where drugs were dealt, it is of questionable validity in light of <u>United States v. Bailey</u>, 116 S. Ct. 501 (1995).  Rejecting the "proximity and accessibility test," in <u>Bailey</u> the Supreme Court held that "use" under section 924(c)(1) means "active employment" of a firearm.  <u>Id.</u> at 505.