# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3234

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Excel Warren, Jr., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 13, 1998
Filed: March 26, 1998

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and JOHN B. JONES[1], District Judge.

_____

JONES, District Judge.

The United States appeals from a final judgment entered in the District Court for the Eastern District of Arkansas granting the defendant, Excel Warren, a new trial on two drug charges on the basis of newly discovered evidence. Defendant was charged with conspiracy to distribute and possess with the intent to distribute cocaine,

_____

[1]The Honorable John B. Jones, United States District Judge, United States District Court for the District of South Dakota, sitting by designation.

and attempting to possess with the intent to distribute cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. We reverse.

## I. BACKGROUND

A jury trial on the two drug charges held in August of 1996 resulted in a mistrial because the jury could not reach a unanimous verdict. In October of 1996, a second jury found the defendant, Excel Warren, guilty of the two drug charges. In February of 1997 the defendant filed a post-trial motion requesting a judgment of acquittal of the attempt conviction and to set aside the jury verdict because a rebuttal witness for the government, Delbra Heron[2], after the conclusion of the jury trial, contacted defense counsel to inform him that she felt a portion of her testimony was inaccurate and misleading. The District Court conducted a hearing on defendant's motions. Delbra Heron was the only witness to testify at the hearing. The District Court granted the defendant's motion for new trial on both counts based on what the court found to be newly discovered evidence presented by Delbra Heron. The United States appeals.

In granting the motion for new trial, the District Court concluded that the testimony of Delbra Heron given during the post-trial hearing was newly discovered evidence. The District Court held that the evidence was discovered after the trial and that her testimony was extremely prejudicial because she was the only credible witness to state, in effect, that defendant had possessed drugs. In its memorandum opinion and order granting a new trial, the District Court examined the trial testimony of each of the United States' witnesses, concluding that, except for Delbra Heron, they had all been charged with criminal conduct or had been promised something by

---

[2]Although different spellings of this witness' last name have been used in the record in this case, we will refer to her as Ms. Heron, which appears to be the correct spelling and is the spelling contained in the District Court's memorandum opinion and order granting a new trial.

the government in exchange for their testimony against the defendant, and therefore, they were not credible witnesses. The District Court did not discuss what effect the videotape and cassette tapes that the prosecution introduced into evidence and played for the jury may have had on the jury's decision.

The United States contends that the District Court abused its discretion in granting a new trial because Delbra Heron's testimony was not newly discovered and that the District Court applied the wrong legal standard in evaluating defendant's motion for new trial.

During the second jury trial, Delbra Heron testified as follows in response to questions posed by the government's attorney:

Q. Was there ever an occasion, Ms. [Heron], where you found, I believe this is through your son, located some cocaine?

A. Yes, in my garage in some books.

Q. Who actually found that?

A. My son.

Q. Your son did. And did he tell you about it?

A. Yes.

Q. What happened -- or can you describe for us where it was?

A. It was in my garage ...

Q. Was it white powder?

A. Yes, in some little plastic bags.

Q. What happened to that cocaine?

A. I believe Excel (defendant) took it.

Defense counsel objects.

Q. Do you know for sure what happened ...

A. All I know is it left. I can't say that I saw him take it, just actually say it, because all I know is it left there.

Q. Where did you leave it?

A. In the book.

...

Q. Where did you put the book?

A. Back on the shelf in the garage.

Q. Did Excel Warren later come by?

A. Yes he did.

Q. Did he go into your garage?

A. Yes.

Trial Transcript, pp. 646-47.

During the post-trial hearing Delbra Heron testified that both defendant and an individual named Richard Talley ("Talley") were present in the garage and that after they left the cocaine was no longer in her garage. Talley lived in Delbra Heron's house on a few occasions while he was seeking treatment for his drug addiction. Delbra Heron testified Talley informed her that he owned the cocaine in her garage. She did not, however, testify that Talley told her he, rather than the defendant, took the cocaine from her garage. In response to questions posed by defense counsel, Delbra Heron testified as follows:

Q. ... But you have no reason to believe that Excel Warren took those drugs out of your garage, is that correct?

A. I don't know who took them, I don't care who took them. All I know is they were gone after [Excel Warren and Richard Talley] left.

Post-trial Transcript, p. 738.

## II. DECISION

The District Court is allowed broad discretion in granting or denying a motion for a new trial based on newly discovered evidence. United States v. Provost, 921 F.2d 163, 164 (8th Cir. 1990), cert. denied, 499 U.S. 968 (1991). The District Court's decision on whether to grant or deny a new trial on the basis of newly discovered evidence will not be reversed absent a clear abuse of discretion. United States v. Roulette, 75 F.3d 418, 425 (8th Cir.), cert. denied, ___ U.S. ___, 117 S.Ct. 147 (1996). In this case we find that the District Court clearly abused its discretion in granting a new trial.

There are five prerequisites which must be met to obtain a new trial on the basis of newly discovered evidence:

> (1) the evidence was in fact discovered after trial; (2) the failure to discover the evidence was not attributable to a lack of diligence by the movant; (3) the evidence would not be merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would likely produce an acquittal if a new trial were granted.

United States v. Willis, 89 F.3d 1371, 1380 (8th Cir.) (citation omitted), cert. denied, ___ U.S. ___, 117 S.Ct. 273 (1996); and United States v. Luna, 94 F.3d 1156, 1161 (8th Cir. 1996).

The United States argues that the District Court applied the wrong legal standard in evaluating defendant's motion for a new trial based on newly discovered evidence. The District Court did not specifically set forth the prerequisites which must be satisfied to grant such a motion. However, the District Court did cite United States v. Lisko, 747 F.2d 1234, 1237 (8th Cir. 1984), which sets forth the five prerequisites for granting defendant's motion for a new trial. Although not explicitly stated, the District Court applied the appropriate test for evaluating defendant's motion for a new trial based on newly discovered evidence.

We held in <u>Luna</u>, <u>supra</u>, that evidence within the defendant's knowledge at the time of trial which could have been communicated to defense counsel could not later be classified as newly discovered evidence. 94 F.3d at 1161. In the present case, defendant obviously knew at the time of trial that Talley was in Delbra Heron's garage at the same time he was there. Defendant could have informed defense counsel, either before trial or during Delbra Heron's testimony at trial, that Talley was in the garage with him. If defendant had informed defense counsel of Talley's presence, defense counsel could have cross-examined Delbra Heron at trial to impeach her stated belief that defendant must have taken the cocaine from her garage. The District Court concluded the evidence given by Delbra Heron at the hearing on defendant's motion for new trial was discovered after trial. However, prior to the time of trial, defendant obviously was aware of Talley's presence with him in the garage, and therefore, this evidence was not newly discovered by defendant after his trial. The District Court clearly abused its discretion in concluding that evidence of Talley's presence in the garage was newly discovered.

## III. CONCLUSION

For the reasons stated herein, we find that the District Court clearly abused its discretion in granting defendant's motion for a new trial based on newly discovered evidence. We reverse and remand the case for sentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-