# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2735NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Clyde M. Shinall, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 17, 1998
Filed: December 23, 1998

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Clyde M. Shinall appeals his conviction and sentence for conspiracy to distribute cocaine base. We affirm.

Shinall first contends the evidence was insufficient to convict him. We will reverse on this ground only if, viewing the evidence in the light most favorable to the verdict and giving the Government the benefit of all reasonable inferences, we conclude a rational jury must have had a reasonable doubt that the elements of conspiracy were established. See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998). For the

jury to find Shinall conspired to distribute cocaine base, the Government had to show there was an agreement to distribute, Shinall knew of the agreement, and Shinall intentionally joined the agreement. See United States v. Romero, 150 F.3d 821, 824 (8th Cir. 1998). The Government was not required to prove an express agreement, but only a tacit understanding, which could be established by circumstantial evidence of Shinall's actions. See United States v. Cabrera, 116 F.3d 1243, 1245 (8th Cir. 1997).

At Shinall's trial, one of Shinall's customers, Tony Rutherford, testified he and Shinall had an understanding that Rutherford could buy distributable amounts of cocaine base from Shinall. Rutherford testified that, given his quarter-ounce purchase, Shinall would know Rutherford planned to resell at least some of the cocaine base, and Shinall implicitly agreed to make future sales of that distributable amount to Rutherford for him to resell. Although a mere sales agreement between a buyer and seller of illegal drugs does not constitute a conspiracy, Rutherford's testimony supports a reasonable inference of an understanding beyond the sales agreement, which is enough to support Shinall's conspiracy conviction. See United States v. Jensen, 141 F.3d 830, 833 (8th Cir. 1998); Cabrera, 116 F.3d at 1244-45. In addition, Shinall's girlfriend, Stacy Horn, testified she provided Shinall with transportation and provided him with a place to cook, package, and sell cocaine base. Unlike the situation in Jensen, where the defendant's girlfriend had no active role in helping her boyfriend further his drug business from their home, Horn helped Shinall obtain and market his drugs. See 141 F.3d at 834. A reasonable jury could find a degree of knowing involvement and cooperation, even if Horn did not benefit financially. See Cabrera, 116 F.3d at 1244.

Shinall asserts the testimony of Rutherford and Horn is incredible because they benefited from agreements to cooperate with the Government. During cross-examination, however, Shinall had the opportunity to expose the witnesses' potential bias and self-interest, and it was the jury's job to decide whether the witnesses' testimony was credible. See United States v. Maggard, 156 F.3d 843, 847 (8th Cir.

1998); Santana, 150 F.3d at 864. We conclude the evidence was sufficient to convict Shinall of conspiracy to distribute cocaine base.

Shinall next contends the district court committed error in denying his motion for a new trial based on newly discovered evidence. The district court did not abuse its discretion in denying the motion. To obtain a new trial based on newly discovered evidence, the evidence must, among other things, be newly discovered and be likely to produce an acquittal on retrial. See United States v. Warren, 140 F.3d 742, 744 (8th Cir. 1998). Neither of these criteria are satisfied here. After Horn was sentenced to a term longer than she believed the Government had promised, she wrote a letter stating the amount of cocaine she had seen Shinall possess was smaller than she had testified about at trial. Information that Shinall possessed less cocaine in Horn's presence is not newly discovered evidence because this information was within Shinall's knowledge at the time of trial. See id. at 745. Further, given the other testimony by Rutherford and Horn about Shinall's drug-related activities, a change in Horn's testimony merely decreasing the amount of drugs that she saw Shinall possess would not likely cause an acquittal on retrial. Indeed, the district court found Horn's recantation was incredible, so a jury would probably not believe it. See United States v. Grey Bear, 116 F.3d 349, 350-51 (8th Cir. 1997).

Last, Shinall contends the district court committed clear error in calculating the amount of cocaine base attributable to him for sentencing purposes. Because the amount of cocaine base seized from Shinall did not reflect the scale of the offense, the district court estimated the amount of cocaine base for which Shinall was responsible based on the court's assessment of the evidence. See U.S. Sentencing Guidelines Manual § 2D1.1 n.12 (1998); United States v. Ayers, 138 F.3d 360, 363 (8th Cir.), cert. denied, 119 S. Ct. 219 (1998). Shinall asserts the estimation is wrong because there was no evidence about the manufacturing of cocaine base from cocaine powder. Information about manufacturing was unnecessary because the evidence showed Shinall possessed certain amounts of cocaine base, rather than cocaine powder from

which cocaine base is made, and the district court added those amounts of cocaine base to estimate the total amount of cocaine base for which Shinall was responsible. See Ayers, 138 F.3d at 363. Shinall also contends Horn's testimony about drug amounts should be disregarded because she has recanted her testimony. The district court found, however, that even if the amounts testified about by Horn are not considered, Shinall's base offense level would not change given the remaining amount attributable to Shinall by other evidence. We conclude the district court did not commit clear error in calculating the total amount of cocaine base attributable to Shinall.

We thus affirm Shinall's conviction and sentence for conspiracy to distribute cocaine base.
.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.