# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3397

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| Fabian A. Espinosa, | * | District of Iowa. |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2002

Filed: August 29, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Fabian Espinosa appeals his conviction in the district court[1] for aiding and abetting the use, carrying, or possession of a firearm in relation to drug trafficking. *See* 18 U.S.C. § 2(a) and § 924(c)(1). We affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

## I.

Sioux City police officers stopped a vehicle that Mr. Espinosa was driving for traffic violations and smelled marijuana inside. While Mr. Espinosa and his passenger, Richard Lofton, were detained, an officer observed a handgun on the floor of the vehicle at Mr. Lofton's feet. Mr. Lofton told police that the gun belonged to him and that he had it because he and Mr. Espinosa were traveling. The officers then searched the vehicle and found methamphetamine and marijuana. Both men were arrested and subsequently indicted for possession of methamphetamine with intent to distribute it and for possession of marijuana with intent to distribute it. *See* 21 U.S.C. §§ 841(a)(1). They were also indicted in a single count for using or carrying a firearm during and in relation to a drug trafficking crime, or possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1), or aiding and abetting such offenses, *see* 18 U.S.C. § 2(a). Mr. Espinosa pleaded guilty to the drug offenses. He pleaded not guilty to the firearms charge, but was convicted by a jury on that count as an aider and abettor. Mr. Lofton pleaded not guilty to all three charges, but a jury convicted him on all counts.

Mr. Espinosa appeals from the denial of his motion for judgment of acquittal and, in the an alternative, for a new trial. A motion for judgment of acquittal should be granted only "where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Mundt*, 846 F.2d 1157, 1158 (8th Cir. 1988). The standard for granting a motion for new trial is somewhat less exacting because the evidence need not be viewed in the light most favorable to the government; but a defendant is nevertheless not entitled to a new trial unless " 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.' " *United States v. Lacey*, 219 F.3d 779, 783-84 (8th Cir. 2000) (quoting *United States v. Lanier*, 838 F.2d 281, 284-85 (8th Cir. 1988) (per curiam)). We will not reverse a district court's order denying a motion

for a new trial, moreover, unless the court clearly abused its discretion. *See United States v. Worley*, 88 F.3d 644, 646 (8th Cir. 1996).

To sustain the conviction, we must find sufficient evidence on two points: first, Mr. Espinosa must have aided and abetted the use, carrying, or possession of a firearm; and, second, that firearm must have been used or carried "during and in relation to" a drug trafficking crime or possessed "in furtherance of" a drug trafficking crime. *See* 18 U.S.C. §§ 2(a), 924(c)(1). Mr. Espinosa argues that neither he nor Mr. Lofton "use[d]" a firearm, as that term is employed in § 924(c)(1), and therefore he could not have aided and abetted the "use" of a firearm.

Mr. Espinosa directs our attention to *Bailey v. United States*, 516 U.S. 137, 144, 148 (1995), in which the Supreme Court held that "use" of a firearm requires more than passive possession of one; there must instead be "active employment" of the weapon as, for instance, by "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire" it. We agree with Mr. Espinosa that there is insufficient evidence in the record that he or Mr. Lofton "used" the weapon in this case because there was no active employment of it. But Mr. Espinosa was also charged with aiding and abetting Mr. Lofton in carrying or possessing a firearm, and the jury returned a general verdict convicting him of aiding and abetting the use, carrying, or possession of a firearm.

"When the district court submits to the jury two or more grounds for conviction, for one of which there was insufficient evidence, and it is impossible to tell on what grounds the jury decided the defendant's guilt, we cannot reverse the jury's general verdict of guilty." *United States v. Dreamer*, 88 F.3d 655, 658 (8th Cir. 1996) (citing *Griffin v. United States*, 502 U.S. 46, 56-60 (1991)) (additional citation omitted). "As long as there is sufficient evidence to support at least one of the grounds for conviction, we must affirm the jury's general verdict." *Dreamer*, 88 F.3d at 658.

In this case, there is more than sufficient evidence to allow a reasonable jury to conclude that Mr. Espinosa aided and abetted Mr. Lofton in carrying a firearm. The fact that the firearm was at Mr. Lofton's feet is evidence that he possessed it, and the fact that it was in plain view raises a clear inference that Mr. Espinosa knew about it. Mr. Espinosa was driving the car, so the jury could have reasonably concluded that he was deliberately helping Mr. Lofton transport (i.e., carry) the weapon to their destination. Indeed, the circumstances are rife with the implication that the defendants were engaged in an arrangement under which one of them would "ride shotgun", *see, e.g., United States v. Muehlbauer*, 892 F.2d 664, 668-669, (7th Cir. 1990), that is, would have the weapon in his possession for their mutual protection, while the other did the driving. In such circumstances, a jury could properly conclude that the driver was aiding and abetting the passenger in carrying the gun from one place to another.

The remaining issue, namely, whether the firearm was carried during and in relation to a drug trafficking crime, is even more straightforward. We have long recognized the role of firearms in protecting drugs or drug proceeds. *See, e.g., United States v. Edwards*, 994 F.2d 417, 421 (8th Cir. 1993), *cert. denied*, 510 U.S. 1048 (1994). Based on the evidence before it, the jury was justified in concluding that the two defendants were traveling for the purpose of distributing drugs. The jury could thus reasonably infer that Mr. Espinosa and Mr. Lofton had the firearm with them to protect their drugs and any cash that they might receive from their sale.

For these reasons, we affirm the district court's order denying Mr. Espinosa's motion for acquittal. We likewise see no reason to believe that the verdict was against the weight of the evidence, and so we affirm the order of the district court denying the motion for a new trial as well.

We note, however, that the order of judgment that the district court entered incorrectly states that Mr. Espinosa was convicted of "Possession and Aiding and Abetting Possession of Firearm During a Drug Trafficking." First of all, the verdict form indicates that Mr. Lofton was convicted only as an aider and abettor. The general nature of the verdict, moreover, should be reflected in the order of judgment because the jury did not specify which of the acts charged in the indictment (whether using, carrying, or possessing a firearm) it was convicting Mr. Espinosa for. Accordingly, we remand the case to the district court for correction of its judgment.

## II.

Mr. Espinosa also maintains that he received ineffective assistance of counsel at trial. Such claims generally "are not cognizable on direct appeal." *United States v. Sanchez*, 927 F.2d 376, 378 (8th Cir. 1991) (per curiam). "The rare exception to this rule occurs when the district court has developed a record on the ineffectiveness issue." *United States v. Jennings*, 12 F.3d 836, 840 (8th Cir. 1994). Because there is no such record before us, we will not consider this issue.

## III.

Finally, Mr. Espinosa argues that the district court erred in denying his motion to continue his trial, a motion filed less than a week before trial was to begin. We can reverse a trial court's refusal to grant a continuance only if that court abused its discretion and the moving party was prejudiced by the denial. *United States v. Scott*, 243 F.3d 1103, 1106 (8th Cir. 2001). In this case, we find neither an abuse of discretion nor prejudice. Mr. Espinosa had already received a continuance on August 6, 2000, so that he could engage in plea negotiations with the government. At that time, his trial date was set for December 4, 2000. On November 8, 2000, Mr. Espinosa requested a hearing to change his plea from not guilty to guilty, and the court scheduled that hearing for November 29, 2000. On the date of that hearing, Mr. Espinosa changed his mind on the firearms charge and pleaded not guilty. The district court's decision to proceed with the originally scheduled trial was, under those

circumstances, altogether reasonable. As far as prejudice is concerned, Mr. Espinosa notes only that no evidence was presented on his behalf; he does not assert that he has any evidence that likely would have changed the outcome of his trial. Thus he has not, as a matter of law, demonstrated any prejudice. *Cf. Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994).

## IV.

The judgment of the district court is affirmed, but the order of judgment is reversed in part and remanded for corrections in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.