# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3021
_____

United States of America

*Plaintiff - Appellee*

v.

Dante Jamal Glinn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 17, 2020
Filed: July 27, 2020
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

KELLY, Circuit Judge.

A jury convicted Dante Glinn of theft of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u) and 924(m). We affirmed his conviction and sentence on direct appeal. United States v. Glinn, 863 F.3d 985 (8th Cir. 2017). Glinn subsequently filed a motion for a new trial, alleging that new

evidence showed another person who looked like him had been found in possession of the stolen firearm and that a jury would likely acquit him if it was shown this new evidence. The district court[1] denied the motion without a hearing. We affirm.

## I. Background

This case stems from the August 25, 2015 theft of a Kimber .45 pistol from Sports Outfitters, a federally licensed firearms dealer in Cedar Rapids, Iowa. At trial, the government introduced the following evidence to prove that Glinn had stolen the firearm: (1) a surveillance video of the theft, which allowed the jury to compare the thief's appearance in the video to Glinn's appearance at trial; (2) four witnesses familiar with Glinn who testified that he was the person in the video stealing the handgun; (3) photographs from an August 27, 2015 traffic stop that showed Glinn wearing the same type of shirt and pants as the person in the surveillance video, and with a bandage on the same arm; (4) an officer who testified that, during the August 27 traffic stop, he told Glinn "he had matched the description of somebody that was [at Sports Outfitters], acting kind of hinky," and Glinn responded that "stealing wasn't in his category"; and (5) evidence showing that, a few hours after the theft, Glinn used a false identity when getting treatment for an injury to the same arm that the individual in the surveillance video had bandaged.

Glinn argued that he did not steal the firearm, highlighting that: (1) no fingerprint or DNA evidence connected him to the theft; (2) the owner of a nearby business, who had seen and spoken to the thief, failed to identify Glinn's photograph in a photo array; (3) Glinn was present for a court hearing at the county courthouse, which is about a nine-minute drive from Sports Outfitters, approximately 30 minutes

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

after the firearm was stolen; and (4) Glinn has sleeve tattoos on his arms, but sleeve tattoos are not readily visible on the thief's arms in the video.

The jury returned a guilty verdict. At sentencing, the government introduced evidence that, on August 27, 2015, officers recovered shell casings from a .45 caliber pistol outside of an apartment complex in Cedar Rapids. A witness testified that Glinn had fired the shots. The district court granted the government's motion for an upward departure based on this evidence. See United States Sentencing Guidelines §§ 5K2.0, 5K2.21 (2015).

Nearly two years later, Glinn filed a pro se motion for a new trial under Federal Rule of Criminal Procedure 33(a). He alleged that, in December 2017, a person named R.L. Tate was found in possession of a Kimber .45 caliber pistol with the same serial number as the firearm stolen from Sports Outfitters. Glinn also alleged that Tate was living in the Cedar Rapids area at the time the gun was stolen and bears a "striking physical resemblance" to Glinn but has no tattoos on his arms. Glinn did not say how he knew this information. He supported his motion with court records relating to Tate. These records included a headshot photograph, but they did not indicate whether Tate was found in possession of a firearm with a certain serial number, whether he has tattoos on his arms, or whether he was living near Cedar Rapids on August 25, 2015. Glinn requested an evidentiary hearing on the motion, arguing that ballistics tests would show the stolen firearm was not related to the shell casings from the August 27, 2015 shooting.

The government opposed Glinn's motion, arguing that he had "not provided any actual evidence supporting his hypotheses regarding Mr. Tate" and that, even if he had, the evidence would not warrant a new trial. The district court denied Glinn's motion without a hearing, finding that Glinn had only offered "unproven hypotheses" and had not "demonstrated that any new evidence exists." The court further found that "even if such evidence were available, it would not undermine the evidence linking [Glinn]

to the August 25, 2015 theft of the .45 caliber Kimber handgun from Sports Outfitters." Therefore, the court concluded, Glinn had not "met his burden of establishing the existence of any new evidence which is likely to produce an acquittal if a new trial is granted." This appeal followed.

## II.  Standard of Review

The district court may grant a new trial based on newly discovered evidence "if the interest of justice so requires." See Fed. R. Crim. P. 33(a). "Motions for a new trial based on newly discovered evidence are disfavored" and will generally be granted "only if the evidence was not discovered until after the trial; there was no lack of diligence by the movant; and the new evidence is material, more than merely cumulative or impeaching, and likely to produce an acquittal if a new trial is granted." United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001). The district court has "broad discretion in deciding whether to hold an evidentiary hearing on a motion for a new trial based on newly discovered evidence." United States v. LaFuente, 991 F.2d 1406, 1409 (8th Cir. 1993). We will reverse the court's ruling "only if we find a clear abuse of discretion." Id. at 1408.

## III.  Analysis

Glinn argues that the district court abused its discretion by characterizing his factual allegations as "unproven hypotheses" rather than assuming they were true or giving him the opportunity to prove them at an evidentiary hearing. He contends that a jury would most likely acquit him if his allegations were proven at a new trial, and he asks us to remand so that he can attempt to prove them at an evidentiary hearing.

We conclude that the district court did not clearly abuse its discretion by denying Glinn's motion without a hearing. In this context, the district court may ordinarily decide factual issues based on affidavits without an evidentiary hearing. See United

-4-

States v. Massa, 804 F.2d 1020, 1023 (8th Cir. 1986). The court is required to hold a hearing only in "exceptional circumstances," and we have recognized that the need for an evidentiary hearing is lessened where, as here, the motion is decided by the district judge who presided at trial. See United States v. Baker, 479 F.3d 574, 579 (8th Cir. 2007) (quoting Dogskin, 265 F.3d at 687). A defendant is not entitled to a new trial in the absence of new, admissible evidence that would probably produce an acquittal. See United States v. Menard, 939 F.2d 599, 600 (8th Cir. 1991). And the district court is not required to hold a hearing when the defendant fails to show that a hearing would be "at all likely to produce the type of evidence that would entitle [the defendant] to a new trial." See United States v. Burns, 495 F.3d 873, 876 (8th Cir. 2007).

Here, Glinn did not identify any evidentiary support for his allegations that Tate lived in Cedar Rapids at the time of the theft, was later found in possession of the firearm stolen from Sports Outfitters, and looked like him but has no tattoos on his arms. His motion neither describes the underlying basis for these allegations nor suggests that any evidence to support them would become available if the court held a hearing. The only new evidence that Glinn suggested might become available were ballistics tests related to the August 27, 2015 shooting. But no evidence related to August 27 shooting was introduced at trial, and there is no reason to believe new evidence related to that shooting would change the jury's verdict.

Glinn argues that it is unfair to require him to provide evidence in support of his allegations because he "filed the motion *pro se* from behind bars." We acknowledge the difficulty of gathering evidence while a person is incarcerated, and district courts have broad discretion to uncover the truth of a defendant's allegations by holding evidentiary hearings. But here, the district judge who presided at trial evaluated the motion and concluded that Glinn failed to show a hearing was likely to produce the type of evidence that would warrant a new trial. See Burns, 495 F.3d at 876. We find no "exceptional circumstances" that would render this a clear abuse of discretion. See

-5-

Baker, 479 F.3d at 579.  And we conclude that the district court did not clearly abuse its discretion by deciding Glinn's unsupported allegations were insufficient to warrant a new trial.  See Menard, 939 F.2d at 600.

The district court's judgment is affirmed.

_____